Thomas D. McDONALD,
Petitioner-Appellant,

v.

Hon. David HEADRICK, as Sheriff of Madison County, Alabama, Charles F. Edgar, Jr., Surety, Respondents-Appellees.

No. 77–1238
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

Rehearing Denied July 20, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**254**

Glenn F. Manning, Huntsville, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM.

Thomas B. McDonald takes this appeal from the denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. McDonald was convicted of bribery in violation of Ala.Code tit. 14, § 64, on the basis of an indictment charging that while a judicial officer, appellant agreed to accept sexual favors or the promise of sexual favors from a woman whose case was pending in his court in exchange for favorable treatment of her case.[1]

■ McDonald contends that the judgment of conviction is invalid because "totally devoid of evidentiary support" regarding one element of the offense. That is, appellant argues that he was charged with and convicted of being a party to a bilateral bribery agreement, whereas the evidence at most showed a unilateral offer by him to accept the bribe. McDonald also argues that even under the theory that he was charged with making a unilateral offer to accept a bribe, there was no evidence to support a conviction.

■ Alabama courts have interpreted the statute under which appellant was charged to proscribe even unilateral offers to accept bribes. In affirming appellant's conviction on direct appeal, the Alabama Court of Criminal Appeals held that:

> The Alabama statute condemns an offer to accept a bribe by promise of a "thing of value," and a conviction may be had on proof that an offer to accept by an accused was made in exchange for his official partiality in matters pending before him.

*McDonald v. State*, 329 So.2d 583, 595 (Ala. Cr.App.1975), *writ of certiorari quashed as improvidently granted*, 329 So.2d 596 (Ala. 1975), *cert. denied*, 429 U.S. 834, 97 S.Ct. 99, 50 L.Ed.2d 99 (1976). No Alabama court has construed Ala.Code tit. 14, § 64 to require proof of a bilateral agreement. We find no error in the district court's holding that there was not a total lack of relevant

---

1. Ala.Code tit. 14, § 64 provides:

Any legislative, executive or judicial officer or any municipal officer, or any deputy officer, or the clerk, agent or employee of any such legislative, executive, judicial or municipal officer who corruptly accepts or agrees to accept any gift, gratuity, or other thing of value, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his act, vote, opinion, decision or judgment is to be given in any particular manner, or upon any particular side of any cause, question, or proceeding, which is pending or may be by law brought before him in his official capacity: Or that he is to make any particular appointment in his official capacity, shall, on conviction, be imprisoned in the penitentiary for not less than two years or more than ten years.

evidence to support the conviction. The judgment below is

AFFIRMED.